UNITED STATES of America,
Appellee,

v.

John DOE, Defendant–Appellant.

No. 00–1427.

United States Court of Appeals,
Second Circuit.

Argued Jan. 9, 2001.

Decided Jan. 24, 2001.

Amended Feb. 9, 2001.

Gail E. Laser, New York, NY, for defendant-appellant.

Linda A. Lacewell, Assistant United States Attorney for Loretta E. Lynch, United States Attorney for the Eastern District of New York (Susan Corkery, on the brief), for appellee.

Before VAN GRAAFEILAND, WINTER, and CALABRESI, Circuit Judges.

PER CURIAM:

## I. BACKGROUND

Appellant, referred to as John Doe for purposes of this opinion, pleaded guilty (after waiving indictment) to one count of conspiring to receive and possess child pornography in interstate commerce, in violation of 18 U.S.C. § 2252(a)(2)(A). At sentencing, the district court found that, under the Sentencing Guidelines, Doe had a criminal history category of II and total offence level of 23 (which was based, among other things, on a five level en-

hancement applied because Doe displayed a pattern of sexual exploitation of a minor U.S.S.G. § 2G2.2(b)(4)). Both the criminal history category and the total offence level depended on the fact that in 1995 Doe had been convicted, in New York State court, of Sodomy in the Second Degree (of a minor) and that he had committed the federal offence at issue in the case while still on probation for the 1995 state conviction. Doe therefore faced a sentencing exposure under the Sentencing Guidelines of 51 to 63 months. In addition, the prior state conviction meant that Doe was subject to a five-year statutory mandatory minimum sentence under 18 U.S.C. § 2252A(b)(1). Doe was sentenced to 60 months in prison, three years of supervised release, a fine of $10,000, and the requisite special assessment.

Doe entered his plea of guilty before Magistrate Judge Pollak on 9 April 1999, and, following two adjournments granted at Doe's request,[1] was scheduled to be sentenced on 28 April 2000. On 26 April 2000, Doe wrote to the District Court requesting that sentencing be adjourned a third time, on the grounds that he was "about to file a motion to vacate his prior conviction in Westchester County state court, pursuant to New York Criminal Procedure Law § 440.10." Doe contended that this vacatur was justified on the grounds that (1) the Westchester County District Attorney's Office violated an agreement not to prosecute Doe in exchange for his cooperation with the authorities, (2) Doe's guilty plea in the state case was procured by coercive tactics and under duress, and (3) the prosecution in the state case withheld and suppressed exculpatory (*Brady* ) materials, including statements by the alleged victim of Doe's misconduct to the effect that Doe had never had sexual relations with him (forcibly or otherwise). Doe claimed to have obtained an affidavit from this victim stating (a) that he never had sexual relations with Doe, and (b) that he had told this to the West-

chester County District Attorney's Office in 1994. Doe asserted that he had contacted this alleged victim in early April 2000 and that the affidavit is dated 5 April 2000. Doe did not explain the timing of these events in any detail, except to say that the alleged victim was a minor at the time of the alleged state crime and that the victim was covered by a protection order against Doe until he reached the age of majority in January 1997.

In his April 26 letter to the District Court, Doe argued that vacatur of the New York Second Degree Sodomy conviction would free him from both the operation of the 18 U.S.C. § 2252A(b)(1) mandatory minimum sentence and the U.S.S.G. § 2G2.2(b)(4) 5 level enhancement for a pattern of sexual exploitation of a minor. Doe now adds that the vacatur of the State conviction would reduce his Criminal History Category from II to I. Doe reckons that, all in all, the vacatur would change his sentencing exposure from a Guidelines Range of 51 to 63 months and a statutory mandatory minimum of 60 months to a Guidelines range of 27 to 33 months and no statutory mandatory minimum.

At the 28 April 2000 sentencing hearing, the District Court denied Doe's request for an adjournment, and, on May 12, 2000, it entered the sentence described above. Doe's sole contention on appeal is that the District Court abused its discretion in declining to postpone his sentencing until his effort to vacate his state conviction has been resolved.

## II. DISCUSSION

■ Before reaching the merits of Doe's appeal, we must consider a preliminary question: whether Doe waived his right to appeal. The Plea Agreement Doe signed contains a provision according to which Doe agrees "not [to] file an appeal or otherwise challenge the conviction or sentence in the event that the Court imposes

---

1. On 27 December 1999, Doe was granted a 30 day adjournment in order to prepare sentencing materials, and on 15 February 2000, Doe was granted a 60 day adjournment to make objections to the pre-sentencing report and to prepare a sentencing memorandum.

a sentence within or below the range of imprisonment set forth in paragraph 2 [and earlier in this opinion]." The sentence imposed by the district court fell within the range contemplated by the plea agreement.

The government, however, has not argued Doe's waiver before our Court, and it is well established that as a general matter "an argument not raised on appeal is deemed abandoned," and that "we will not ordinarily consider such an argument unless manifest injustice otherwise would result." *United States v. Quiroz*, 22 F.3d 489, 490–91 (2d Cir.1994) *(per curiam)* (internal quotation marks omitted). Accordingly, we turn to the merits of Doe's appeal.

■■■ We review a court's denial of a sentencing postponement for abuse of discretion. And even within this regime, we apply a particularly deferential standard of review. "A sentencing court has broad discretion respecting the scheduling of sentencing proceedings. Absent a showing both that the denial was arbitrary and that it substantially impaired the defendant's opportunity to secure a fair sentence, we will not vacate a sentence because a continuance was denied." *United States v. Prescott*, 920 F.2d 139, 146–47 (2d Cir.1990). Thus *Prescott* mandates that there be both arbitrariness and substantial prejudice. In the case before us, the requirement of prejudice is not met.

In *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), the Supreme Court held that with the exception of convictions obtained in violation of the right to counsel, a defendant in a federal sentencing proceeding has no right collaterally to attack the validity of previous state convictions that are used to enhance his sentence under the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e). The Court added, however, that "[i]f [the defendant] is successful in attacking these state sentences [in some other proceeding], he may then apply for reopening of any federal sentence enhanced by the state sentences. We express no

opinion on the appropriate disposition of such an application." *Id.* at 497, 114 S.Ct. 1732.

Consistent with this statement, the First, Fourth, Fifth, Sixth, Tenth, and Eleventh Circuits have taken the position that a defendant who has successfully attacked a state conviction on whose basis his federal Armed Career Criminal Act sentence had been enhanced, could reopen that sentence. *See United States v. Walker*, 198 F.3d 811, 814 (11th Cir.1999); *Turner v. United States*, 183 F.3d 474, 477 (6th Cir.1999); *United States v. Pettiford*, 101 F.3d 199, 200–202 (1st Cir.1996); *United States v.. Bacon*, 94 F.3d 158, 161 n. 3 (4th Cir.1996); *United States v. Cox*, 83 F.3d 336, 339–340 (10th Cir.1996); *United States v. Nichols*, 30 F.3d 35, 36 (5th Cir.1994) (Government conceded *Custis* allowed defendant to reopen sentencing). In addition, the Ninth Circuit, in *United States v. LaValle*, 175 F.3d 1106 (9th Cir.1999), applied this principle when the sentencing enhancement at issue arose in connection not with the Armed Career Criminal Act but rather with the Career Offender Provisions of the United States Sentencing Guidelines. *See LaValle*, 175 F.3d at 1108 (discussing U.S.S.G. § 4B1.1).

■■■ We agree with our sister Circuits and hold that defendants who successfully attack state convictions may seek review of federal sentences that were enhanced on account of such state convictions. It follows that Doe will suffer no significant prejudice from the district court's refusal to postpone his sentencing hearing while he attacks his earlier New York state conviction.

The district court manifestly did not abuse its discretion in denying a continuance. Accordingly, we AFFIRM the sentence imposed.