UNITED STATES of America

v.

Dennis HOSKIE

No. 3:99CR128 (EBB).

United States District Court, D. Connecticut.

April 20, 2001.

Nancy V. Gifford, U.S. Attorney's Office, Hartford, CT, Leonard C. Boyle, Barbara Bailey Jongbloed, E. Gates Garrity–Rokous, Stephen C. Robinson, U.S. Attorney's Office, New Haven, CT, for U.S.

Kenneth Rosenthal, Rowena Amanda Moffett, Brenner, Saltzman & Wallman, New Haven, CT, for Dennis Hoskie.

*Ruling Defendant's Motion for Continuance of Trial Date and Waiver of Speedy Trial Time Limits*

ELLEN B. BURNS, Senior District Judge.

Defendant Dennis Hoskie moves for a continuance of his trial date and for a waiver of his speedy trial time limits so that he may challenge the underlying state convictions predicate to the federal offense for which he is charged, and the sentencing enhancement the Government seeks to impose. [Doc. No. 59] The Government objects to any further continuances on this basis because the Second Circuit has recognized that a defendant who successfully attacks state convictions may seek review of any federal sentences that were enhanced on account of such state convictions. For the reasons that follow, Defendant's motion is DENIED.

## I. BACKGROUND

On June 3, 1999, Defendant was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and 924(a)(2). On April 13, 2000, Defendant moved to suppress evidence and statements obtained as a result of the stop and frisk that lead to his arrest. On July 26, 2000, the Court denied that motion. On August 9, 2000, the Government filed a notice of sentence enhancement pursuant to the Armed Career Criminal Act of 1984,

18 U.S.C. § 924(e), which exposes Defendant, having been charged with violation of 18 U.S.C. 922(g) and having at least three previous convictions for violent felonies or serious drug offenses, to a mandatory minimum sentence of fifteen years imprisonment.

On September 5, 2000 and on October 27, 2000, Defendant moved to continue the trial date based on his efforts to investigate and analyze the (state court) predicate offenses on which the Government is seeking sentence enhancement. Absent objection, the Court granted those continuances. On January 3, 2001, the Court held a pretrial conference with the parties to address a third request for continuance. At that time, Defendant represented that based on his analysis thus far, he intended to challenge the underlying state convictions in state court and was in the process of obtaining separate counsel to represent him in those actions. The Court granted Defendant's motion and allowed an additional two-month continuance until March 9, 2001.

On March 8, 2001, Defendant filed the present motion to continue his trial date and to waive the speedy trial time limits. Defendant represents that on February 21, 2001, he filed three separate petitions for writ of habeas corpus with the Connecticut Superior Court challenging three of the four underlying state court convictions upon which the Government seeks to both charge Defendant and enhance his sentence. The petitions have been docketed and referred to the Office of the Chief Public Defender, Habeas Corpus Unit, for appointment of counsel. Defendant has been informed that counsel will be appointed on these matters "in the near future." Defendant requests a seventy-five day continuance to allow for appointment of counsel and to pursue his state court claims.

Although the Court has not received a response from the Government to this motion, Defendant represents that the Government objects to any further continuances to accommodate Defendant's efforts to challenge his underlying state convictions on the basis of a recent Second Circuit case holding that a defendant who successfully attacks a state conviction may seek review of a federal sentence that was enhanced as a result of the state conviction. *See United States v. Doe,* 239 F.3d 473, 475 (2d Cir.2001). Defendant concedes that the law clearly recognizes a defendant's ability to seek review of a federal sentence that was enhanced as a result of a state court conviction that is subsequently overturned, but he is concerned about the implications of the one-year statute of limitations imposed by 28 U.S.C. § 2255, the primary vehicle for collaterally attacking a federal sentence. Specifically, Defendant argues that because under § 2255 he has only one year from the date of his federal conviction to challenge his sentence, bringing him to trial at this time could potentially eliminate his right to seek review of any federal sentence imposed if his efforts to overturn his state convictions do not prevail until after the one-year deadline. The issue before the Court, therefore, is when the statute of limitations under § 2255 begins to run for challenging a federal sentence if the prior state convictions enhancing the federal sentence are later vacated by a state court. This issue has not yet been addressed by the Second Circuit.

## II. DISCUSSION

In *Custis v. United States,* 511 U.S. 485, 497, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), the Supreme Court held that, with the exception of a conviction obtained in violation of the right to counsel, 18 U.S.C. § 924(e) does not permit a defendant to use the federal sentencing forum to collat-

erally attack the validity of the state court convictions used to enhance the sentence. The Court concluded in dicta, however, that "[i]f [the defendant] is successful in attacking these state sentences [via some other proceeding], he may then apply for reopening of any federal sentence enhanced by the state sentences. We express no opinion on the appropriate disposition of such an application." *Custis*, 511 U.S. at 497, 114 S.Ct. 1732. In dissent, Justice Souter noted that "the Court does not disturb uniform appellate case law holding that an individual serving an enhanced sentence may invoke federal habeas to reduce the sentence to the extent it was lengthened by a prior unconstitutional conviction." *Id.* at 512, 114 S.Ct. 1732. Subsequent case law has made clear that *Custis* addresses the timing, not the ultimate availability, of collateral attacks on the predicate convictions supporting federal sentence enchantments. *See Nichols v. United States*, 511 U.S. 738, 765, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994) (Ginsburg, J., dissenting) ("*Custis* presented a forum question. The issue was *where*, not *whether*, the defendant could attack a prior conviction for constitutional infirmity.")

In 1996, after *Custis* was decided, Congress amended § 2255 and imposed a one-year statute of limitations for bringing habeas claims, previously allowable at any time. *See* Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"], Pub.L. No. 104–132, 110 Stat. 1220 (April 24, 1996). Section 2255 provides that a defendant may seek relief within one year of the later of "(1) the date on which the judgment of conviction become final; . . . or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(1) and (4). In *Wims v. United States*, 225 F.3d 186, 190 (2d Cir.2000), interpreting these provisions, the Second Circuit held:

> Section 2255(4) is not a tolling provision that extends the length of the available filing time by excluding certain periods that post-date the start of the limitations clock from the calculation of how much time has run. Rather, it resets the limitations period's beginning date, moving it from the time when the conviction became final, see § 2255(1), to the later date on which the particular claim accrued.

Based on this holding, it is clear that habeas claims are not strictly limited, as Defendant suggests, to within one year of the date the conviction becomes final.

More recently, the Second Circuit joined its sister Circuits (First, Fourth, Fifth, Sixth, Tenth, and Eleventh) [1] in holding that "defendants who successfully attack state convictions may seek review of federal sentences that were enhanced on account of such state convictions." *Doe*, 239 F.3d 473, 475. The Second Circuit has not, however, addressed the more specific question of how, if at all, this future ability is affected by the one-year statute of limitations. In other words, if *Custis*, in preventing defendants from challenging their state court convictions at sentencing, forces them to bring separate proceedings in state or federal court that could take well over a year, are defendants effectively precluded from ever exercising their right to later attack their federal sentence?

1. *See United States v. Walker*, 198 F.3d 811, 814 (11th Cir.1999); *Turner v. United States*, 183 F.3d 474, 477 (6th Cir.1999); *United States v. Pettiford*, 101 F.3d 199, 200–02 (1st Cir.1996); *United States v. Bacon*, 94 F.3d 158, 161 n. 3 (4th Cir.1996); *United States v. Cox*, 83 F.3d 336, 339–40 (10th Cir.1996); *United States v. Nichols*, 30 F.3d 35, 36 (5th Cir.1994).

This result does not seem fair, and the Court agrees with the District of Massachusetts, which wrote that "[i]t would be an illogical, if not cruel, gesture for the Supreme Court to invite prisoners to attack their predicate convictions, and then inform them that their efforts must go for naught and their enhanced sentences must stand. No Court has read *Custis* to encourage such empty, formal displays of futility . . . ." *United States v. Payne*, 894 F.Supp. 534, 543 (D.Mass.1995) (rejecting Government's attempt to characterize *Custis* as a "new rule" under *Teague* to bar petitioner's claim for habeas relief).

This illogical result can be avoided here, however, under § 2255(4). In *United States v. Cavallaro*, No.Crim. 95–59–P–H, 2000 WL 230225, * 1 (D.Me. Feb. 9, 2000), the court held that the defendant, who was sentenced in federal court as a career offender in 1997 because of certain Massachusetts state convictions, and who ultimately overturned those convictions in state court on March 9, 1999, had, on May 4, 1999, filed a timely petition attacking his federal sentence under the plain language of § 2255(4). The Court reasoned that

"the 'claim' [the defendant] presents here is that he is not a career offender. The 'facts' supporting that claim is the Massachusetts court decision of March 9, 1999, vacating the Massachusetts convictions. The elimination of the Massachusetts convictions was not discoverable until March 9, 1999." *Id.* at *1.

Here, the Court agrees with the *Cavallaro* court's analysis, and concludes that under these circumstances, the one-year statute of limitations starts to run on the date the state convictions are vacated, not an earlier date when the defendant discovered the facts forming the basis for the attack on the state convictions. *See id.* at *1. This holding is consistent with the Second Circuit's determination in *Wims*, discussed above, that § 2255(4) effectively resets the limitations period's beginning date from the date the conviction became final, to the date on which the particular claim accrued. Therefore, Defendant's concern that bringing him to trial at this time may ultimately preclude his challenging any federal sentence imposed under § 2255, is unwarranted.[2] Accordingly, Defendant's

---

**2.** Moreover, in *United States v. Cox*, 245 F.3d 126 (2d Cir.2001), a defendant who was sentenced in federal court in June 1999, and subsequently got his state convictions dismissed in June 2000, was permitted to take a direct appeal of his sentence to the Second Circuit. While the *Cox* court did not specifically address the defendant's jurisdictional basis for taking a direct appeal of a sentence over a year after it was imposed, it held that "[i]n light of the dismissal of his 1999 state conviction, [ ] Cox is entitled to a review of his federal sentence, which was enhanced on account of a prior conviction that now has been dismissed." *Id.* at 131. In response to the Government's argument that the defendant's claim should await a § 2255 petition, the Second Circuit pointed out that usually the Government argues that a petitioner must show "a complete miscarriage of justice" to be able to raise a nonconstitutional and nonjurisdictional sentencing issue in a § 2255 petition that was not raised on direct appeal. Moreover, the court noted that "[s]ince [the defendant] has successfully avoided the prospect of procedural bar by raising his sentencing claim on direct appeal, it would be inappropriate now to hold that we shall not consider that claim, though straightforward and rather easily resolved upon additional fact-finding, until he reasserts that identical claim in a § 2255 petition." *Id.* Such a result, the Court added, "given the restrictions on the filing of second or successive habeas and § 2255 petitions placed by [AEDPA], might effectively 'force the appellant to use up his only [§ 2255] petition' to raise a straightforward claim that easily may be resolved upon further, but rather limited, fact-finding." *Id.* (quoting *United States v. Leone*, 215 F.3d 253, 257 (2d Cir.2000)). Therefore, although the procedural and jurisdictional elements are unclear, it appears that under these circumstances, federal sentences may also be challenged on direct appeal.

motion for continuance of his trial date and for waiver of speedy trial time is DE-NIED.

### III. CONCLUSION

For the reasons set forth above, Defendant's motion for continuance of his trial date and waiver of speedy trial time limits [doc. no. 59] is DENIED. Jury selection is hereby set for May 7, 2001, with trial to begin on June 26, 2001.

So ordered.