Sharrod ALSTON, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. CIV.A.9:01–2984–08.

United States District Court,
D. South Carolina,
Beaufort Division.

Nov. 7, 2002.

Sharrod Alston, Fort Dix, NJ, pro se.

Robert H. Bickerton, U.S. Atty's Office, Charleston, SC, for U.S.

## ORDER

BLATT, Senior District Judge.

### INTRODUCTION

This matter is before the Court on the *pro se* Petitioner's request for writ of habeas corpus, pursuant to 28 U.S.C. § 2255. The Petitioner was sentenced on December 30, 1998 to two concurrent 125–month terms of imprisonment, followed by two concurrent 5–year terms of supervised release. No direct appeal was taken from this sentence, despite his being advised of the right to do so.

The Petitioner filed the present action on July 17, 2001, some 30 months after his conviction and sentence became final. The Government filed a motion for summary judgment on September 10, 2001, to which the Petitioner responded. The matter is now ripe for decision.

### DISCUSSION

The Petitioner claims that there was an "inaccurate application of the sentencing guidelines," in that a drug conviction in New Jersey was erroneously counted as a felony for purposes of finding him to be a career offender, and thus increasing his guideline range of sentence. Upon a review of the record, the Court finds that the petition must be dismissed for several reasons.

*One-year Statute of Limitations*

First and foremost, the Petitioner's request for habeas corpus relief was filed well outside the one-year statute of limitations imposed by § 2255. Under the statute, the limitation period runs from the latest of -

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Petitioner's conviction became final when he failed to appeal his sentence, ten days after his sentencing or January 11, 1999. *See* Fed. R.App. Proc. 4(b)(1). There is no argument that the limitations period should be tolled by governmental action or for a newly recognized right made retroactive. Thus, the Petitioner must establish "due diligence" under subsection (4), or successfully argue that the statute of limitations should be "equitably tolled." *See Harris v. Hutchinson,* 209 F.3d 325 (4th Cir.2000).

The Petitioner argues that he had to file state post-conviction proceedings in New Jersey prior to invalidate the underlying felony conviction prior to filing the instant petition in federal court, and that

his petition should thus be considered timely. This rationale has been rejected by the First Circuit in *Brackett v. United States*, 270 F.3d 60, 68 (1st Cir.2001), *cert. denied*, 535 U.S. 1003, 122 S.Ct. 1575, 152 L.Ed.2d 495 (2002) ("We hold that the operative date under § 2255(4) is not the date the state conviction was vacated, but rather the date on which the defendant learned, or with due diligence should have learned, the facts supporting his claim to vacate the state conviction."). From documents submitted by the Petitioner, it is clear that he realized that the New Jersey conviction was considered to be a felony no later than November 22, 1999, the date he requested records from the Superior Court of New Jersey. Under this rationale, the Petitioner's action is untimely.

The *Brackett* holding has been questioned in district court cases, which reason that the one-year period begins to run from the date a state conviction is reversed or vacated, or at the very least the doctrine of equitable tolling permits filing within a year after reversal. *See Duran v. United States*, 2002 WL 867864 (S.D.N.Y. May 3, 2002); *United States v. Hoskie*, 144 F.Supp.2d 108 (D.Conn.2001). However, the Petitioner cannot take advantage of this rationale because he has yet to demonstrate that his state convictions were actually overturned or vacated. Merely taking the opportunity to challenge the state convictions is not sufficient even under these more lenient decisions to avoid § 2255's strict limitations period. The Court concludes that the Petitioner's request for habeas corpus relief is barred as untimely.

*Procedural Default*

 In any event, assuming that the Petitioner's habeas request is timely, he cannot demonstrate entitlement to relief. Here, the error claimed by Petitioner, the listing of a prior conviction as a felony instead of as a misdemeanor, occurred as early as the pre-sentence investigation report, to which the Petitioner had ample time to review and object. His failure to object at sentencing and to file a direct appeal forces him to meet a higher standard of proof. "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir.1999). "And, in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." *Id.* at 493.

The Fourth Circuit has ruled that an improper application of the career offender guidelines can constitute "actual innocence" sufficient to meet the "cause and actual prejudice" standard. *United States v. Maybeck*, 23 F.3d 888, 892–94 (4th Cir. 1994). However, as noted earlier, the Petitioner simply has not demonstrated by clear and convincing evidence that he has not been convicted of two crimes of violence or controlled substance offenses as defined by the Sentencing Guidelines.

A "controlled substance offense" for purposes of the career offender guidelines, according to USSG § 4B1.2(b) is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense." A person convicted of a controlled substance offense,

who is age 18 or older, and who has previously been convicted of two or more controlled substance offenses or crimes of violence, is considered a "career offender" and subject to a sentence enhancement under § 4B1.1.

The pre-sentence investigation report lists six prior adult convictions for the Petitioner, in paragraphs 70–75, respectively. In the first (¶ 70), the Petitioner was charged with and pleaded guilty to possession of controlled substances and drug paraphernalia, which are not "controlled substance offenses" under the Guidelines. The same is true for the third (¶ 72, simple possession) and fourth (¶ 73, drug paraphernalia) offenses. The second offense (¶ 71), however, clearly constitutes a controlled substance offense, as the Petitioner was pleaded guilty to "Third Degree Distribution" of controlled substances, which carries a potential penalty of greater than one year. See N.J. Stat. Ann. § 2C:35–5, 43–6. The Petitioner does not contest this charge.

The dispute arises over the fifth charge (¶ 74). The pre-sentence report indicates that this charge is a "controlled substance offense," which the Petitioner counters by proof of a certified copy of the disposition sheet. The Petitioner claims that the disposition sheet demonstrates that although he was charged with (1) drug possession, (2) possession with intent to distribute, and (3) possession with intent to distribute within 1000 feet of a school, he only pleaded guilty to count 1 (possession), which is not a controlled substance offense.

 From the face of the evidence, it appears that the Petitioner's argument has merit. However, this does not end the inquiry. The Petitioner has a *sixth* adult conviction (¶ 75) prior to the instant federal offense which qualifies as a controlled substance offense. The Petitioner was charged in January 1995 with (1) second degree conspiracy, (2) third degree possession of cocaine, (3) second degree possession of cocaine with intent to distribute, (4) third degree possession of cocaine with intent to distribute within 1000 feet of a school, and (5) second degree employing a juvenile in drug distribution. The pre-sentence report, not challenged at sentencing or in this action, reflects that the Petitioner pleaded guilty to third degree conspiracy (a lesser-included offense of count 1) and third degree possession with intent to distribute within 1000 feet of a school (count 4). Count 4 involves the intent to distribute controlled substances, and carries with it a possible term of imprisonment greater than one year. See N.J. Stat. Ann. 2C:35–5, 35–7, 43–6. In fact, the Petitioner was sentenced to 1 year, 8 months mandatory minimum for this offense. As this offense cannot be considered conduct relative to the offense of conviction (i.e., the federal offense), it may be counted against him as a controlled substance offense. Thus, even if the Petitioner's argument is correct as to his fifth prior conviction, the fact remains that at the time of federal sentencing he had been convicted of two prior controlled substance offenses as defined by the Sentencing Guidelines, and the imposition of a career offender enhancement was proper.

 The Court recognizes that the United States Probation Officer, in responding to the Petitioner's objections to the pre-sentence investigation report, stated unequivocally that the career offender status was based upon the second (¶ 71) and fifth (¶ 74) prior convictions. However, the Court is required to apply the "actual innocence" standard, in which the movant must demonstrate "by clear and convincing evidence" that "but for" the error he would not have been sentenced to the enhancement. See Maybeck, 23 F.3d at 894 (quoting the standard from Sawyer

*v. Whitley*, 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992), and applying it to challenges of the career offender enhancement). Here, though the Petitioner may be correct about the fifth conviction, the fact remains that he has a sixth conviction (¶ 75) which is a controlled substance offense, and that he is thereby a career offender even without the fifth conviction. Thus, "although actually innocent of an aggravating act," meaning the fifth conviction, the Petitioner "was not prejudiced by its inclusion in the sentencing calculus." *Maybeck*, 23 F.3d at 894.[1]

## CONCLUSION

Based on the foregoing, it is

ORDERED that the Defendant's Motion for Summary Judgment is granted; the Petitioner's petition for habeas corpus relief is denied; and this action is ended.

**IT IS SO ORDERED.**

---

**1.** Though perhaps not entirely controlling, the Court also cites the United States Supreme Court's recent decision in *United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). The *Cotton* decision, in discussing the "plain-error" test for reviewing forfeited claims under Fed.R.Crim.P. 52(b), held that even where there was plain error which affected a defendant's substantive rights, a conviction and sentence should not be overturned where there is "overwhelming" and "essentially uncontroverted" evidence to support the findings made at the trial court level. *Id.* at 1786 (quoting *Johnson v. United States*, 520 U.S. 461, 470, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)). This is because such overwhelming evidence of guilt provides "no basis for concluding that the error 'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.' " *Id.* at 1786 (quoting *Johnson v. United States*, 520 U.S. 461, 470, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)) (alteration by *Cotton* court). Similarly, in the present case, though there may have been error with regard to counting the conviction in ¶ 74 as an enhancing offense, there is "overwhelming" and "essentially uncontroverted" evidence of another conviction (¶ 75) which sustains application of the career offender enhancement.