**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 2 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DONALD L. JACKSON,

      Defendant-Appellant.

No. 02-3104
(D.C. No. 01-CR-10070-MLB)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **BARRETT** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Donald L. Jackson appeals from a judgment and sentence entered upon

his guilty plea to one count of possession of a firearm by a prohibited person.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

18 U.S.C. § 922(g)(1). In exchange for his guilty plea, charges of unlawful possession of cocaine and unlawful possession of marijuana against Mr. Jackson were dismissed. He received a sentence of incarceration for forty-two months. On appeal, he contends that the district court erred in applying an enhancement for felony possession of cocaine in connection with the offense. *See* USSG § 2K2.1(b)(5).

Mr. Jackson signed a plea agreement in connection with his guilty plea. Paragraph three of this plea agreement reads as follows:

> The defendant agrees, in consideration of [a recommendation by the government for a reduction for acceptance of responsibility and dismissal of the two drug possession charges], that he is aware that Title 28, United States Code, Section 2255 affords a defendant the ability to challenge his conviction. Acknowledging all this, the defendant knowingly *waives his right to file an appeal* and/or to challenge his plea, sentence or the manner in which the sentence was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255, in exchange for the concessions made by the United States in this plea agreement.

R. Vol. I, Doc. 33 at 2 (emphasis added).

The government has not raised this waiver as a bar to our consideration of Mr. Jackson's appeal. Nevertheless, if the waiver is effective, "we would certainly overreach our jurisdiction to entertain this appeal when the plea agreement deprived Defendant of the right to appeal." *United States v. Rubio*, 231 F.3d 709, 711 (10th Cir. 2000). Moreover, "[w]e cannot ignore the

jurisdictional issue because we have an independent obligation to examine our subject matter jurisdiction." *Id.* at 711 n.1.

We previously issued an order to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction. Mr. Jackson responded as follows: (1) the government waived its right to enforce the waiver provision; (2) this court should not raise the waiver *sua sponte*; (3) this court is not a party to the plea agreement and has no independent authority to enforce it; (4) dismissal of the appeal for lack of jurisdiction after appointment of counsel wastes judicial resources; (5) appointed counsel was barred by ethical obligations from raising the waiver; and (6) the government obtained the waiver by deception. In view of the jurisdictional nature of the waiver of right to appeal, the first five arguments clearly lack merit. We will consider only the last argument: whether the waiver should not be enforced because it was obtained by deception.

A defendant's knowing and voluntary waiver of his right to appeal is enforceable. *United States v. Black*, 201 F.3d 1296, 1300 (10th Cir. 2000). Mr. Jackson contends that his waiver was not knowing and voluntary because the government failed to inform him of its intention to seek a § 2K2.1(b)(5) enhancement at sentencing. He does not advance facts sufficient to show that the government actively misled him; only that he "reasonably assumed" that the dismissed drug offenses would not be used to enhance his sentence. Nor does he

challenge the statement in his plea agreement that "the United States has made no promises or representations to this defendant or his attorney regarding what sentence might be imposed or which sentencing guideline level will be appropriate." R. Vol. I, Doc. 33 at 2.

Mr. Jackson also fails to allege any public policy grounds for voiding his waiver of right to appeal. *See, e.g., Black*, 201 F.3d at 1301. Although he complains that he was deceived into entering his plea, he does not seek to withdraw his plea on this basis; instead, he asks us to discard the waiver provision and, without disturbing the other benefits of the plea accruing to him, to reach issues otherwise barred on appeal.

Mr. Jackson's arguments are insufficient to show that the plea, including the appellate waiver, was not knowing and voluntarily entered. *See United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001) (stating "knowing and voluntary" standard). This appeal is therefore DISMISSED for lack of subject matter jurisdiction.

Entered for the Court

Michael R. Murphy
Circuit Judge

-4-

**HENRY, J.,** specially concurring.

I agree with the majority that Jackson's waiver of his right to appeal should be enforced in this case. I am concerned, however, with the majority's holding that the waiver deprives us of subject matter jurisdiction. Although that phrase was used somewhat loosely in a footnote in *United States v. Rubio*, 231 F.3d 709, 711 n.1 (10th Cir. 2000), I do not believe that appellate waivers actually strip this court of its basic subject matter jurisdiction over direct appeals, which is conferred by Congress. *See* 18 U.S.C. § 3742(a)(2).

A valid waiver operates as a contractual limitation on the right to appeal. *See, e.g., United States v. Hernandez*, 134 F.3d 1435, 1436-38 (10th Cir. 1998). The decision to enforce the waiver is subject to a number of public policy considerations. *United States v. Black*, 201 F.3d 1296, 1301 (10th Cir. 2000). We will not enforce the waiver, for example, where the sentence is tainted by racial bias, where the sentence exceeds the statutory maximum, or where the agreement was entered into without effective assistance of counsel. *Id.* Invoking "subject matter jurisdiction" undercuts the public policy rationale, founded on contract theory, that undergirds these exceptions.

A holding that we *must* apply the waiver in every case, whether or not raised by the Government, is inconsistent with precedent in most other circuits. These circuits have held that the waiver may itself be waived, by the Government's failure to raise it. *See, e.g., United States v. Doe*, 239 F.3d 473,

474-75 (2d Cir. 2001) (applying appellate waiver rule to government's failure to raise defendant's waiver of right to appeal contained in plea agreement); *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) (stating government may lose right to assert waiver defense by failing to raise it, but holding government did raise plea waiver in that case). *See also United States v. Rhodes*, 253 F.3d 800, 804 (5th Cir. 2001) ("[I]n the absence of published authority dictating otherwise, we will not enforce such a waiver when the government explicitly states that it 'chooses not to rely on [the defendant's] waiver of appeal.'"). *Cf. also Hunter v. United States*, 160 F.3d 1109, 1113-14 (6th Cir. 1998) (stating government waived right to raise defendant's waiver of right to bring § 2255 motion by failing to raise waiver in district court); *United States v. Schmidt*, 47 F.3d 188, 190, 192 (7th Cir. 1995) (stating that although government did not rely on waiver contained in plea, court had *discretion* to affirm on basis of waiver, or, alternatively, to determine merits of appeal).

Significantly, two of these circuits, the Seventh and Ninth, have referred to the waiver as "jurisdictional," just as we have. *See United States v. Nave*, 302 F.3d 719, 720-21 (7th Cir. 2002); *Vences*, 169 F.3d at 613. The fact that they permit a waiver of this "jurisdictional" defense based on the government's failure to raise it suggests that "jurisdiction" is being used in a sense to mean something less or other than "subject matter jurisdiction." It is a truism that not every

"jurisdictional" issue actually involves a court's subject matter jurisdiction. *See* 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure*, § 3903, at 143 (2d ed. 1992) (noting the "notorious variety of concepts that can be classified within the realms of jurisdiction"); *see also United States v. Prentiss*, 256 F.3d 971, 982 (10th Cir. 2001) (en banc) (concluding that "the Government's failure to allege the Indian/non-Indian statuses of Defendant and his victim in the indictment did not deprive the district court of subject matter jurisdiction to hear the case, although Defendant ultimately may be entitled to dismissal of the indictment").

In short, I do not believe the *Rubio* court intended to establish a rule that strips us of subject matter jurisdiction whenever a waiver has been signed, without consideration of the particular facts and circumstances of the case. The pertinent inquiry should be whether enforcement of the waiver, which is a contractual matter, offends public policy.

Although the Government did not raise the waiver in this case, I agree with the majority that it should be enforced. The Government's failure to raise the waiver, standing alone, does not typically rise to the level of a public policy concern that vitiates the bargained-for waiver. Nor do I find the arguments asserted in appellant's response to our motion to show cause persuasive. To invoke subject matter jurisdiction as the basis for enforcement of the waiver,

-3-

however, is inconsistent with the concept that subject matter jurisdiction is conferred by Congress and not the parties. I would decide this case by enforcement of the waiver, without reference to subject matter jurisdiction.