HENRY, J., specially
concurring.
I agree with the majority that Jackson’s waiver of his right to appeal should be enforced in this case. I am concerned, however, with the majority’s holding that the waiver deprives us of subject matter jurisdiction. Although that phrase was used somewhat loosely in a footnote in United States v. Rubio, 231 F.3d 709, 711 n. 1 (10th Cir.2000), I do not believe that appellate waivers actually strip this court of its basic subject matter jurisdiction over direct appeals, which is conferred by Congress. See 18 U.S.C. § 3742(a)(2).
A valid waiver operates as a contractual limitation on the right to appeal. See, e.g., United States v. Hernandez, 134 F.3d 1435, 1436-38 (10th Cir.1998). The decision to enforce the waiver is subject to a number of public policy considerations. United States v. Black, 201 F.3d 1296, 1301 (10th Cir.2000). We will not enforce the waiver, for example, where the sentence is tainted by racial bias, where the sentence exceeds the statutory maximum, or where the agreement was entered into without effective assistance of counsel. Id. Invoking “subject matter jurisdiction” undercuts the public policy rationale, founded on contract theory, that undergirds these exceptions.
A holding that we must apply the waiver in every case, whether or not raised by the Government, is inconsistent with precedent in most other circuits. These circuits have held that the waiver may itself be waived, by the Government’s failure to raise it. See, e.g., United States v. Doe, 239 F.3d 473, 474-75 (2d Cir.2001) (applying appellate waiver rule to government’s failure to raise defendant’s waiver of right to appeal contained in plea agreement); United States v. Nunez, 223 F.3d 956, 958 (9th Cir.2000) (stating government may lose right to assert waiver defense by failing to raise it, but holding government did raise plea waiver in that case). See also United States v. Rhodes, 253 F.3d 800, 804 (5th *272 Cir.2001) (“[I]n the absence of published authority dictating otherwise, we will not enforce such a waiver when the government explicitly states that it ‘chooses not to rely on [the defendant’s] waiver of appeal.’ ”). Cf. also Hunter v. United States, 160 F.3d 1109, 1113-14 (6th Cir.1998) (stating government waived right to raise defendant’s waiver of right to bring § 2255 motion by failing to raise waiver in district court); United States v. Schmidt, 47 F.3d 188, 190, 192 (7th Cir.1995) (stating that although government did not rely on waiver contained in plea, court had discretion to affirm on basis of waiver, or, alternatively, to determine merits of appeal).
Significantly, two of these circuits, the Seventh and Ninth, have referred to the waiver as “jurisdictional,” just as we have. See United States v. Nave, 302 F.3d 719, 720-21 (7th Cir.2002); Vences, 169 F.3d at 613. The fact that they permit a waiver of this “jurisdictional” defense based on the government’s failure to raise it suggests that “jurisdiction” is being used in a sense to mean something less or other than “subject matter jurisdiction.” It is a truism that not every “jurisdictional” issue actually involves a court’s subject matter jurisdiction. See 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure, § 3903, at 143 (2d ed.1992) (noting the “notorious variety of concepts that can be classified within the realms of jurisdiction”); see also United States v. Prentiss, 256 F.3d 971, 982 (10th Cir.2001) (en banc) (concluding that “the Government’s failure to allege the Indian/non-Indian statuses of Defendant and his victim in the indictment did not deprive the district court of subject matter jurisdiction to hear the case, although Defendant ultimately may be entitled to dismissal of the indictment”).
In short, I do not believe the Rubio court intended to establish a rule that strips us of subject matter jurisdiction whenever a waiver has been signed, without consideration of the particular facts and circumstances of the case. The pertinent inquiry should be whether enforcement of the waiver, which is a contractual matter, offends public policy.
Although the Government did not raise the waiver in this case, I agree with the majority that it should be enforced. The Government’s failure to raise the waiver, standing alone, does not typically rise to the level of a public policy concern that vitiates the bargained-for waiver. Nor do I find the arguments asserted in appellant’s response to our motion to show cause persuasive. To invoke subject matter jurisdiction as the basis for enforcement of the waiver, however, is inconsistent with the concept that subject matter jurisdiction is conferred by Congress and not the parties. I would decide this case by enforcement of the waiver, without reference to subject matter jurisdiction.