08-5316-cr
United States v. Marant

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT http://www.ca2.uscourts.gov/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of December, two thousand nine.

PRESENT:
> PIERRE N. LEVAL,
> PETER W. HALL,
> > *Circuit Judges*,
> J. GARVAN MURTHA,[*]
> > *District Judge*.

_____

UNITED STATES OF AMERICA,
> *Appellee,*

> v.                                                                No. 08-5316-cr

CHARLENE MARANT,
> *Defendant-Appellant.*

_____

_____

[*]The Honorable J. Garvan Murtha, Senior District Judge of the United States District Court for the District of Vermont, sitting by designation.

1

FOR APPELLEE:                                 PREET BHARARA, United States Attorney for the Southern District of New York (William J. Harrington, Jennifer G. Rodgers, Assistant United States Attorneys, Of Counsel, *on the brief*).

FOR DEFENDANT-APPELLANT:      CHARLES F. WILLSON, Nevins & Nevins LLP, East Hartford, CT.

Appeal from an Order of the United States District Court for the Southern District of New York (Baer, *J.*) denying defendant-Appellant's motion to continue a sentencing hearing.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED, that the Order of the district court is **AFFIRMED**.

Defendant-Appellant Charlene Marant ("Ms. Marant") claims that the district court abused its discretion in denying her request for a two-week continuance of her sentencing hearing. We assume the parties' familiarity with the facts, procedural context, and specification of appellate issues.

We review a district court's denial of a sentencing postponement for abuse of discretion. *United States v. Doe*, 239 F.3d 473, 475 (2d Cir. 2001). "And even within this regime, we apply a particularly deferential standard of review. 'A sentencing court has broad discretion respecting the scheduling of sentencing proceedings. Absent a showing both that the denial was arbitrary and that it substantially impaired the defendant's opportunity to secure a fair sentence, we will not vacate a sentence because a continuance was denied.'" *Id.* (quoting *United States v. Prescott*, 920 F.2d 139, 146-47 (2d Cir. 1990)). The law of this Circuit thus mandates that there be both arbitrariness and substantial prejudice. Additionally, we have made clear that although the Federal Rules of Criminal Procedure provide that a defendant may move to withdraw a guilty plea upon a showing of any "fair and just reason," Fed. R. Crim. P. 11(d)(2)(B), it is basic that

2

"[a] defendant has no absolute right to withdraw his plea of guilty." *United States v. Rosen*, 409 F.3d 535, 545 (2d Cir. 2005) (quotation marks omitted). We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Carreto*, 583 F.3d 152, 157 (2d Cir. 2009).

After careful review of Ms. Marant's arguments and the appellate record, we hold that there is no basis to find that the district court exceeded the bounds of its discretion in denying Ms. Marant's request for a continuance of her sentencing proceeding. First, there is nothing in the record that convinces this Court that the district court's decision was arbitrary. On the contrary, the court was permitted to consider that Ms. Marant had five months between entering her guilty plea and the sentencing hearing in which to move to withdraw her plea. It was not arbitrary for the court to reject her request for a continuance when she decided to withdraw her plea on the eve of her sentencing. *See, e.g.*, *United States v. Alexander*, 860 F.2d 508, 512 (2d Cir. 1988) (finding no arbitrariness when district court denied request for more time to respond because, *inter alia*, the request occurred just one day before the hearing).

Furthermore, the court did not exceed its discretion to the extent it placed Ms. Marant's request within the context of the competency hearing in which the court credited the Government doctor's conclusions that Ms. Marant was malingering and exaggerating her conditions. *See, e.g.*, *United States v. Carroll*, 510 F.2d 507, 510 & n.2 (2d Cir. 1975) (holding that it would have been "quite reasonable" for the lower court to have denied a last-minute request for change of counsel because defendant had earlier caused a postponement of his trial by feigning psychiatric symptoms).

Next, regarding the obligation to show substantial prejudice, Ms. Marant argues that she was prejudiced by not being allowed to withdraw her guilty plea and because she was not able to supplement the record with information that may have led to a more lenient sentence. She is not able to meet her burden under either argument. Regarding her guilty plea, we have stated that to determine whether a defendant has met her burden of demonstrating a "fair and just reason" for withdrawing a plea, a district court should consider: "(1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be prejudiced by a withdrawal of the plea." *Carreto*, 583 F.3d at 157 (quotation marks omitted). The lower court can also rely on a defendant's in-court sworn statements that she "understood the consequences of [her] plea, had discussed the plea with [her] attorney, [and] knew that [she] could not withdraw the plea." *Id.* (quotation marks omitted). In this case, Ms. Marant nowhere asserted her innocence, and the district court conducted a thorough plea colloquy during which Ms. Marant repeatedly said she knew that she was guilty and that the plea was knowing and voluntary. The district court was entitled to rely on these statements in exercising its discretion. *Id.* That exercise was further informed by its consideration of Ms. Marant's counsel's responses during the sentencing hearing as to whether the potential motion to withdraw the plea would have any merit.

Additionally, as noted above, almost five months had elapsed between the plea (May 23, 2008) and the sentencing hearing (October 20, 2008). This is sufficient time to make the determination that she wanted to withdraw her plea. *See United States v. Grimes*, 225 F.3d 254, 259 (2d Cir. 2000) (finding no abuse of discretion in denying the defendant's motion to withdraw

4

his guilty plea where the defendant waited "almost five months" before indicating that he wished to do so). Regarding prejudice to the Government, we have held that since the burden is on the defendant to demonstrate valid grounds for withdrawal, where the defendant has not shown valid grounds for withdrawal, the Government is not required to show prejudice. *See United States v. Gonzales*, 970 F.2d 1095, 1100 (2d Cir. 1992). Ms. Marant has not shown valid grounds here.

Finally, Ms. Marant has not pointed to anything in the appellate record suggesting that her sentence would have been more lenient had she been allowed to adjourn the sentencing proceedings. The role of the Court of Appeals is limited to examining a sentence for reasonableness, which is akin to review under an abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 41 (2007) (holding that "courts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard"). This standard applies "both to the [substantive reasonableness of the] sentence itself and to the procedures employed in arriving at the sentence." *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008) (internal quotation marks omitted). Although Ms. Marant makes vague assertions in her brief that suggest that her former attorneys did not submit helpful information for the presentence report, these assertions were not clearly articulated, and the district court is entitled to deference regarding the procedures employed in arriving at the sentence.

Accordingly, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____

5