11-5265-cr
United States v. Doyle

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of November, two thousand thirteen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         CHESTER J. STRAUB,
                      <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

    <u>Appellee</u>,

    -v.-                                No. 11-5265-cr

THOMAS A. DOYLE,

    <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - -X

FOR DEFENDANT-APPELLANT:   JANE S. MEYERS, Brooklyn, NY.

FOR APPELLEE:              AMANDA KRAMER (Justin Anderson, <u>on the brief</u>) <u>for</u> Preet Bharara, United States Attorney for the Southern District of New York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant-appellant Thomas A. Doyle appeals his wire fraud conviction and sentence of, inter alia, 72 months' imprisonment and $880,000 in restitution.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Rule 11.  Doyle argues that the district judge participated in plea discussions in violation of Federal Rule of Criminal Procedure 11(c)(1).  Doyle cites the court's admonition that there would be a deadline for "acceptance of responsibility points" and that, "if" Doyle intended "to take a plea," it was in his "interest to do it before June 21" so that he could have "one extra point shaved off [his] guideline number."

"Issues arising under Rule 11(c)(1) are highly fact-specific and, as a result, such situations must be analyzed in terms of the purposes of the rule, and not with illogical rigidity."  United States v. Paul, 634 F.3d 668, 672 (2d Cir. 2011) (internal quotation marks omitted).  If, as here, a purported Rule 11(c)(1) violation is not presented to the district court, we review the claim for

plain error. See United States v. Davila, 133 S. Ct. 2139, 2147 (2013). In conducting plain-error analysis, we consider whether there was "(1) [an] 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" Johnson v. United States, 520 U.S. 461, 466-67 (1997) (quoting United States v. Olano, 507 U.S. 725, 732 (1993)). "If all three conditions are met, [we] may then exercise [our] discretion to notice a forfeited error, but only if (4) the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" Id. (quoting Olano, 507 U.S. at 732 (other internal quotation marks omitted)).

Doyle's claim does not survive the plain-error test because, even if the court's remark were error, Doyle has not shown that it affected his substantial rights. Doyle "must show a reasonable probability that, but for the error, he would not have entered the plea." Davila, 133 S. Ct. at 2147 (internal quotation mark omitted). No matter how much pressure the district court might have put on Doyle to plead guilty before the June 21 deadline, he did not succumb to that pressure. He pled guilty on July 11, 2011, nearly three weeks after the deadline. Doyle has not shown a reasonable probability that, if the district court had not commented as it did, he would have gone to trial.

Restitution and Plea Agreement. "A defendant is deprived of due process when the government breaches a plea-agreement provision on which the defendant relied 'in any significant degree' when entering the guilty plea." United States v. Eberhard, 525 F.3d 175, 178 (2d Cir. 2008) (quoting Santobello v. New York, 404 U.S. 257, 262 (1971)). "There is [] a very limited exception to the need for a remedy for a plea agreement breach by the government where the violation is so minor that it does not cause the defendant to suffer any meaningful detriment. In assessing whether a defendant suffered a meaningful detriment, the critical question is what the defendant reasonably understood to be the terms of the plea agreement, and whether his or her reasonable expectations have been fulfilled." United States v. Vaval, 404 F.3d 144, 155 (2d Cir. 2005) (citation omitted). Since the alleged breach was not presented to the district court, we review only for plain error affecting substantial rights and the fairness of the judicial proceedings. See United States v. MacPherson, 590 F.3d 215, 218-19 (2d Cir. 2009).

Doyle fails to show a more than de minimis breach, if there was a breach at all, of the plea agreement in the government's request for and district court's setting of $880,000 in restitution. The plea agreement indicated

4

restitution of only $105,000, but also stated a forfeiture amount of $880,000.  In raising Doyle's restitution figure to match the forfeiture amount, the district court made clear that Doyle's *combined* financial obligation under the forfeiture and restitution orders was capped at $880,000, the amount of forfeiture to which Doyle had already agreed and does not challenge on appeal.

The government and district court merely chose to channel the $880,000 Doyle owed to the government to the victim, who was suffering a loss of that amount because he did not yet have possession of the painting.  Either way, Doyle owed $880,000 to *someone* before and after the alleged breach of the plea agreement.  Changing *to whom* he owed it did not affect Doyle's substantial rights or the fairness of the proceeding.

Loss Calculation. Doyle's supplemental pro se brief argues that Judge McMahon should have granted a continuance so that the painting could be appraised in connection with a loss determination.  This argument fails for three reasons.

[1] Doyle can hardly fault the Probation Office and district court for using the $70,000 to $120,000 range to which he agreed in the plea agreement.

[2] A sentencing court has "broad discretion" over scheduling.  United States v. Doe, 239 F.3d 473, 475 (2d

5

Cir. 2001).  We will not vacate a sentence on the basis of improper denial of a continuance unless it (1) substantially impaired the defendant's opportunity for a fair sentence and (2) was arbitrary.  Id.  Doyle has made neither showing.

[3] A "loss" under § 2B1.1 "is the greater of actual loss or intended loss."  U.S.S.G. § 2B1.1 Application Note 3(A).  Doyle intended to and did sell an 80% ownership interest then worth $620,000 for $880,000, an intended loss of $260,000 at the then-prevailing market rate.  The stipulated loss range of $70,000 to $120,000 was therefore a *conservative* estimate of loss.[1]

We have considered all of Doyle's remaining arguments and conclude that they are without merit.  The judgment of the district court is hereby affirmed.

```
                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK
```

---

[1] Doyle initially challenged his sentence as procedurally and substantively unreasonable for reasons other than the purported loss calculation error.  Doyle has now withdrawn those arguments.  See Motion Order, Oct. 22, 2013, ECF No. 125.