17-3648-pr
*Reed v. United States*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9ᵗʰ day of October, two thousand nineteen.

PRESENT:  JOSÉ A. CABRANES,
          GERARD E. LYNCH,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

---

CHARLES REED

          *Petitioner-Appellant,*                    17-3648-pr

          v.

UNITED STATES OF AMERICA,

          *Respondent-Appellee.*

---

| | |
|---|---|
| **FOR PETITIONER-APPELLANT:** | VIDA M ALVY, Alvy Law PLLC, New York, NY. |
| **FOR RESPONDENT-APPELLEE:** | CHARLES N. ROSE (Susan Corkery, *on the brief*), Assistant United States Attorney, *for* Richard P. Donoghue, United States Attorney, Eastern District of New York, Brooklyn, NY. |

Appeal from an October 25, 2017 order of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 25, 2017 order of the District Court be and hereby is **VACATED** and the cause is **REMANDED** for further proceedings consistent with this order.

Petitioner-Appellant Charles Reed ("Reed") timely appeals from an order denying his motion (made pursuant to 28 U.S.C. § 2255) to vacate, set aside, or correct his sentence in light of the vacatur of a predicate state felony conviction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The Supreme Court, in *Custis v. United States*, 511 U.S. 485 (1994), held that a criminal defendant who successfully attacks a state sentence "may then apply for reopening of any federal sentence enhanced by the state sentence[]." *Id.* at 497; *see also United States v. Doe*, 239 F.3d 473, 475 (2d Cir. 2001) Reed seeks review of his 240-month federal sentence on the basis that it was enhanced on account of a 1993 New Jersey state conviction, which was vacated in 2015. The vacatur of Reed's predicate felony conviction effectively reduced the statutory mandatory minimum in this case from 240 months to 120 months.

Moreover, at the time of sentencing Reed was erroneously designated as a "Career Offender" and thus classified in Criminal History Category VI, when in fact he lacked the number of qualifying convictions required for that designation. *See* U.S.S.G. §§ 4B1.1(a), 4B1.2(b), 4A.2(e)(1)-(3), 4B1.2 cmt. 3. That error led to the calculation of his Sentencing Guidelines range at the time of sentencing as 360 months to life imprisonment, rather than 210 to 262 months. In light of the vacatur of Reed's predicate felony conviction, moreover, his correct Sentencing Guidelines range is actually 188 to 235 months. His 240-month sentence, which the District Court continued to believe in considering his § 2255 petition was "considerably lower than the guidelines range of 360 months to life imprisonment," A. 68-69, is actually in excess of the high end of the applicable Guidelines range.

These factors, taken together, suggest that in imposing the sentence, the District Court may have been influenced by sentencing benchmarks that were either erroneously calculated at the time or that have been altered by subsequent events. Accordingly, we hereby vacate the District Court's October 2017 order denying habeas relief, and remand to the District Court for reconsideration of Reed's habeas petition in light of the aforementioned considerations. In doing so, we express no view as to the appropriate sentence, and we note that Reed's current sentence is still within the statutorily permissible range of 120 months to life imprisonment. On remand, the District Court, in its discretion, may either reaffirm or modify Reed's sentence, based on its consideration of all relevant factors.

We also decline Reed's request that we transfer this case to a different judge.

2

## CONCLUSION

For the foregoing reasons, we **VACATE** the October 25, 2017 order of the District Court and **REMAND** the cause for proceedings consistent with this decision.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3