IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-10930

Summary Calendar

_____

GILBERT G. YBANEZ

                                        Petitioner-Appellant

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION

                                        Respondent-Appellee

_____

Appeal from the United States District Court
for the Northern District of Texas

_____


**************************************************************

_____

No. 98-50487

Summary Calendar

_____

ROLLAND E. LAWSON

                                        Petitioner-Appellant

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION

                                        Respondent-Appellee

March 8, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:

In these consolidated cases, Ybanez and Lawson appeal the dismissal of their federal habeas petitions as time-barred. We reject their argument that the limitations bar of federal habeas review of state convictions starts to run when the state rules on habeas applications.

Ybanez's murder conviction became final March 17, 1988, when the Texas Court of Criminal Appeals denied his petition for discretionary review. Ybanez filed a state habeas application September 4, 1992, which was denied by the Texas Court of Criminal Appeals on February 10, 1993.

He filed a second state habeas application April 24, 1997, which included a new claim that a jury instruction was unconstitutional. The instruction had been upheld by the Texas Court of Criminal Appeals in 1990, but the court reversed that decision in 1994. The second application was dismissed as a successive petition June 4, 1997.

Four months later, November 6, 1997, Ybanez filed a federal habeas petition, which the district court dismissed as barred by

the AEDPA's one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

Lawson's murder conviction became final November 17, 1993, when the Texas Court of Criminal Appeals denied his petition for discretionary review. He filed a state habeas application July 24, 1996, which was denied December 11, 1996. Lawson's state habeas application raised an ineffective assistance of counsel claim. Lawson filed a federal habeas petition December 1, 1997, and the magistrate judge recommended that it be dismissed as time-barred. The district court adopted the recommendation.

Because Ybanez's and Lawson's convictions became final before the enactment of the AEDPA, each had until April 24, 1997 to file a federal habeas petition. *See Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998)(establishing that date as the deadline for petitioners whose convictions were final before enactment of the AEDPA). Under 28 U.S.C. § 2244(d)(1)(A), a pending state habeas application tolls the statute of limitations created by the AEDPA. Even with tolling for the disposition of their state habeas applications, the AEDPA's statute of limitations had expired for both petitioners, and we affirm the dismissal of their petitions on that ground.

The petitioners argue that their claims are not time-barred because the rulings on their state court habeas applications are the factual predicates of their federal habeas petitions under 28

3

U.S.C. § 2244(d)(1)(D).[1]  Ybanez argues that he was denied due process of law by the state court's refusal to consider his second habeas application, and that the state court decision is the factual predicate of his purely legal question.  Lawson argues that his ineffective assistance of counsel claim presents a mixed question of law and fact--whether the state court's application of law to facts was unreasonable--and that the state court decision is the factual predicate of his federal petition.  The petitioners argue that since they could not present federal habeas claims on these decisions until after the state courts rendered them, the one-year statute of limitations under the AEDPA began to run from the dates of the state court decisions.

Section 2244(d)(1)(D) provides for equitable tolling when the facts on which a federal habeas claim is based would not have been discovered by a duly diligent petitioner.  *See, e.g., Fisher v. Johnson*, 174 F.3d 710, 715 n.14 (5th Cir.), *reh'g denied*, 189 F.3d 471 (5th Cir. 1999).  These facts do not include asserted errors in a state court's disposition of a state habeas application.  Behind

---

[1]The section provides that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
. . . .
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

the petitioners' language is an extraordinary proposition:  the factual predicate for their claims consists neither of evidence nor events at trial but in the state court's rulings on their constitutional claims.  Congress granted petitioners one year to file a federal habeas petition.  It is, *inter alia*, one year from the latest of the dates the factual predicate for the claim could have been discovered or the conclusion of *direct* review.  The statute does not count the time a petitioner's state claim was pending in the state court.  This structure, fleshed out by many federal decisions, would be turned upside down should we play this game of recharacterization and semantics.

AFFIRMED.