UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert James GADSEN, Defendant–Appellant.

No. 02–7077.

United States Court of Appeals,
Fourth Circuit.

Argued: May 8, 2003.

Decided: June 12, 2003.

**ARGUED:** John Herman Hare, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Sean Kittrell, Assistant United States Attorney, Charleston, South Carolina, for Appellee. **ON BRIEF:** J. Strom Thurmond, Jr., United States Attorney, Charleston, South Carolina, for Appellee.

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Reversed and remanded by published opinion. Judge WILKINSON wrote the opinion, in which Judge NIEMEYER and Judge KING joined.

## OPINION

WILKINSON, Circuit Judge:

Petitioner Robert Gadsen was convicted of two federal crimes and received an enhanced sentence as a career offender in part because he had previously been convicted in state court of a violent crime. That state court conviction was subsequently vacated, and Gadsen brought a petition under 28 U.S.C. § 2255 for post conviction relief from the enhanced federal sentence. The district court dismissed Gadsen's petition, holding that it had not been timely filed. We reverse.

### I.

The central issue in this case arises out of the legal interaction of two separate criminal prosecutions, one in state court and one in federal court. On February 27, 1997, Robert Gadsen pled no contest in South Carolina state court to a charge of assault with intent to kill. He was sentenced to ten years in prison and did not appeal his conviction or sentence.

On December 3, 1997, Gadsen was convicted by a jury in United States district court of two federal crimes: interference with commerce by threats or violence, *see* 18 U.S.C. § 1951 (2003), and carrying a firearm during and in relation to a crime of violence, *see* 18 U.S.C. § 924(c) (2003). Because of Gadsen's criminal history, the court sentenced him to twenty-five years in federal prison as a career offender. *See U.S. Sentencing Guidelines Manual* § 4A1.3, 4B1.1 (2002). We affirmed his sentence, *see United States v. Gadsen,* 178 F.3d 1287 (4th Cir.1999) (Table), and our mandate rendering the conviction final was issued on June 1, 1999.

On January 7, 1998, Gadsen filed a petition in South Carolina state court for post-conviction relief from his state conviction. He alleged that his no contest plea to the state charge of assault with intent to kill had not been knowing and voluntary, and he argued that his chances for acquittal would have been strong if he had proceeded to trial. On December 20, 1999, the South Carolina court granted Gadsen's application for post conviction relief on the state conviction, holding that "Gadsen did not have a full understanding of the consequences of his plea." The State of South

Carolina appealed that decision to the South Carolina Supreme Court. On January 10, 2001, the South Carolina Supreme Court denied the state's petition for a writ of certiorari.

On December 17, 2001, Gadsen filed a petition in United States district court to vacate his federal sentence under 28 U.S.C. § 2255. Gadsen argued that his federal sentence had been calculated on the basis of an unconstitutional (and subsequently vacated) prior state conviction, and that he should therefore be resentenced without being treated as a career offender. *See United States v. Bacon,* 94 F.3d 158, 162 n. 3 (4th Cir.1996). He contended that his total sentence should not have exceeded eleven and a half years.

The district court, however, held that Gadsen's petition for federal post-conviction relief was untimely. It therefore declined to address Gadsen's substantive claims and dismissed his petition with prejudice. It granted a certificate of appealability, *see* 28 U.S.C. § 2253(c) (2003), and this appeal ensued.

## II.

Under 28 U.S.C. § 2255, a prisoner in federal custody "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (2003). Section 2255 creates a one year statute of limitations for such claims, a period of time which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (2003). As with the nearly identical restrictions imposed by 28 U.S.C. § 2244 on prisoners in state custody, this provision "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan v. Walker,* 533 U.S. 167, 179, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). If a prisoner cannot fit his petition into the time frame specified by one of these four categories, it must be dismissed as untimely.

In the present case, Gadsen asserts that his federal habeas petition fits within the fourth category: he claims, in other words, that he filed his petition within a year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255 (2003). The government rejects this contention. At the very least, the government suggests, Gadsen had obviously discovered the factual basis for his challenge to the state conviction by the date he filed his petition for post conviction relief from that conviction. Since that was on January 7, 1998—more than a year before Gadsen filed his habeas challenge to the federal conviction—the government argues that Gadsen's petition is time-barred by the § 2255 statute of limitations.

To resolve this dispute, we must determine what constitutes the "facts support-

ing [Gadsen's] claim." The government argues that this statutory phrase refers to the underlying historical facts and real-world events that supported Gadsen's separate challenge to the state conviction. The First Circuit would agree. It has held that "[i]t would make little sense for Congress to have used the phrase 'facts supporting the claim ...' if 'facts' included a state court set aside of a prior conviction." *Brackett v. United States*, 270 F.3d 60, 68 (1st Cir.2001). "[T]he operative date under § 2255(4)," *Brackett* holds, "is not the date the state conviction was vacated, but rather the date on which the defendant learned, or with due diligence should have learned, the facts supporting his claim to vacate the state conviction." *Id.; cf. Ybanez v. Johnson*, 204 F.3d 645 (5th Cir.2000) (per curiam) (reaching an arguably comparable conclusion with respect to the nearly identical statute of limitations contained in 28 U.S.C. § 2244). With all due respect to our sister circuit, we disagree.[1]

Gadsen's challenge arises out of his contention that South Carolina has vacated a key conviction relied on by the original federal court in setting Gadsen's career offender sentence. A critical "fact" with respect to the operation of the sentencing guidelines in Gadsen's original federal case was the fact that Gadsen's record included a prior state conviction for assault with intent to kill. In just the same way, the relevant "fact" with respect to the operation of Gadsen's § 2255 claim today is the fact that Gadsen's prior state conviction has been conclusively invalidated. *See U.S. Sentencing Guidelines Manual* § 4A1.3, 4B1.1 (2002). And by definition, Gadsen could not have "discovered" this "fact"—that this prior conviction had been conclusively vacated—until it became clear that the lower court's decision was the last word on the matter.[2] More specifically, this fact was not conclusive for our purposes until the South Carolina Supreme Court denied the government's petition for certiorari.

Any doubt about the implications of the plain text of the statute is foreclosed by the Supreme Court's decision in *Daniels v. United States*, 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001). Like Gadsen, the petitioner in that case filed a motion to correct his federal sentence under § 2255. *Id.* at 377, 121 S.Ct. 1578. Daniels' sentence had been enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (2003), based partly on two prior state court convictions for robbery. *Id.* at 377, 121 S.Ct. 1578. Daniels alleged

---

1. While our conclusion today conflicts with the only other circuit to decide this question, our interpretation finds support in two District Court opinions. *See United States v. Hoskie*, 144 F.Supp.2d 108, 111 (D.Conn.2001) (holding that "the one-year statute of limitations starts to run on the date the state convictions are vacated, not an earlier date when the defendant discovered the facts forming the basis for the attack on the state convictions"); *United States v. Cavallaro*, 2000 WL 230225 (D.Me.) ("Cavallaro's claim in this court is not the claim that the Massachusetts convictions were invalid.... The only claim that Cavellaro could bring here was the claim that the convictions no longer existed. That 'fact' did not emerge until [the date that the

Massachusetts convictions were vacated in state court].")*, overruled by Brackett*, 270 F.3d at 68 & n. 3.

2. We are less concerned than the First Circuit about the fact that § 2255 refers to the "discover[y]" of "facts" rather than specifically to the issuance of a state court opinion. *See Brackett*, 270 F.3d at 68. Section 2255(4) is not limited to the vacatur of a state court conviction; it potentially encompasses a wide range of subsequently-discovered facts. The use of a general categorical term ("facts") to refer to the spectrum of specific examples of that category (the universe of potential factual predicates for a § 2255 challenge) is an ordinary technique in the drafting of statutes.

that these robbery convictions were the result of "guilty pleas that were not knowing and voluntary," and that enhancing his sentence based on them therefore violated the Constitution. *Id.* The Supreme Court rejected his claim. The majority held that, with some exceptions not relevant in Gadsen's case, prisoners may not challenge their federal sentences under § 2255 on the ground that their predicate felony convictions were unconstitutionally obtained. *Id.* at 376, 121 S.Ct. 1578. *See also Custis v. United States,* 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994) (holding that, with the sole exception of convictions obtained in violation of the right to counsel, defendants have no right during sentencing or on direct appeal to collaterally attack the validity of prior state convictions used to enhance their federal sentence).[3]

Critically for the present case, however, the Supreme Court went on to note that "after an enhanced federal sentence has been imposed ..., the person sentenced may pursue any channels of direct or collateral review still available to challenge his prior conviction." *Daniels,* 532 U.S. at 382, 121 S.Ct. 1578. In other words, the Supreme Court instructed petitioners such as Gadsen to attack the predicate felony conviction itself, either in state court or through federal habeas review, rather than attacking it indirectly by seeking to obviate the effect it has on the sentencing process for another, recidivist, conviction. "If any such challenge to the underlying conviction is successful," the majority opinion continued, "the defendant may then apply for reopening of his federal sentence." *Id.*

If we adopt the government's interpretation of § 2255, we would be punishing Gadsen and other litigants like him for having faithfully followed these instructions. The entire point of *Custis* and *Daniels* was that litigants should not bypass state courts to litigate the facts underlying their state convictions during challenges to a federal sentencing determination. Instead, "[a]fter an enhanced federal sentence has been imposed," inmates should first initiate a separate proceeding challenging the validity of their state court convictions. *Daniels,* 532 U.S. at 382, 121 S.Ct. 1578. That is precisely what Gadsen did here. And he can hardly be charged with delaying that challenge: he filed his state application for post conviction relief less than a year after being convicted in state court. Even if Gadsen had filed his state challenge the next day "after [his] enhanced federal sentence [was] imposed," he would not have been able to bring a § 2255 challenge within a year without violating *Daniels,* since it took more than three years for the South Carolina court system to reach final resolution on his challenge. Any real delay in this case was due to the state court system's decision-making process, something obviously not under Gadsen's control.

As the Massachusetts district court indicated in addressing the implications of *Custis* for a different procedural question, "[i]t would be an illogical, if not cruel, gesture for the Supreme Court to invite prisoners to attack their predicate convictions and then inform them that their efforts must go for naught and their enhanced sentences must stand." *United States v. Payne,* 894 F.Supp. 534, 543 (D.Mass.1995) (internal citations omitted). We do not believe the Supreme Court would countenance any such result. The

---

3. *Daniels* and *Custis* apply "whether the sentence enhancement was imposed because of [the] ACCA or because of the Sentencing Guidelines." *Brackett,* 270 F.3d at 65; *see* *also United States v. Arango–Montoya,* 61 F.3d 1331, 1336 (7th Cir.1995); *United States v. Garcia,* 42 F.3d 573, 581 (10th Cir.1994).

plain text of § 2255 and the logic of the Supreme Court's opinion in *Daniels* point to the same conclusion: in cases like Gadsen's, the federal statute of limitations begins running when the state court conviction is conclusively invalidated.

### III.

The South Carolina Supreme Court denied the government's petition for certiorari on January 10, 2001. Gadsen filed his petition for federal habeas relief on December 17, 2001. His petition was thus timely filed within the one-year period set forth in 28 U.S.C. § 2255. We therefore remand to the district court with instructions to address the merits of the petition. We express no view on the merits at this time.

*REVERSED AND REMANDED*