## UNITED STATES of America

### v.

## Dana HICKS

### No. CR.A. 94–97.

United States District Court, E.D. Louisiana.

Oct. 7, 2003.

Walter Turner, El Paso, TX, Pro se.

Kevin Myles, FCI Yazoo City, Yazoo City, MS, Pro se.

Michael William Magner, U.S. Attorney's Office, New Orleans, LA, for U.S. Attorneys.

Roma A. Kent, Virginia Laughlin Schlueter, Federal Public Defender, Daniel J. Markey, Jr., New Orleans, LA, for Dana Hicks, defendant.

### ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is the government's Motion for Reconsideration of Motion to Reopen Sentence. For the reasons that follow, the government's motion is DENIED.

### Background

Hicks was sentenced in January 1995 by this Court to a term of imprisonment of 236 months following his plea of guilty to a charge of possession with intent to distribute cocaine. At the time of sentencing, Hicks was in a criminal history category of II with a total of three criminal history points. On February 5, 2003, the Orleans Parish Municipal Court vacated on constitutional grounds a state conviction which had been used to enhance Hicks' federal sentence. The state conviction involved a

crime committed in 1988. On August 8, 2003, this Court granted Hicks' Motion to Reopen Sentencing. The Court stated that Hicks filed his motion within the AEDPA limitations period since it was filed within one year of Hicks' successful attack of the state court conviction. The government now moves for reconsideration of that ruling.

### I. Law and Application

Although the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, the Fifth Circuit has held that such motions, if filed within ten days after entry of judgment, must be treated as motions to alter or amend under Rule 59(e); if filed after ten days, the Court must hold them to the more stringent standards of a Rule 60(b) motion for relief from judgment. *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990).

The government filed this motion for rehearing on August 25, 2003, more than ten days after the Court's order was issued. Thus, the Court will treat it as a motion for relief from judgment under Rule 60(b). The government's motion does not fall into any of the first five categories for relief under Rule 60(b).[1] The catchall provision, Rule 60(b)(6), is the only clause applicable to the government's motion.

■ The Court declines to reconsider or modify its earlier ruling. Rule 60(b)(6) allows for reconsideration of a judgment for "any other reason justifying relief from the operation of the judgment." The government does not state the extraordinary circumstances necessary to obtain relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199–200, 71 S.Ct. 209, 212, 95 L.Ed. 207, 211–12 (1950). The government cites a recent Eleventh Circuit decision, *Johnson v. United States*, 340 F.3d 1219 (11th Cir.2003), that held the vacatur of a defendant's prior state convictions is not a "fact supporting the claim or claims" under 28 U.S.C. § 2255 P. 6(4). Although the Eleventh Circuit's decision came after this Court's ruling to reopen sentencing for Dana Hicks, the Eleventh Circuit's opinion does not justify a reconsideration of this Court's earlier ruling. The Eleventh Circuit's ruling, although influential, is not binding on this Court. Further, there is a current split of authority in the circuit courts on this issue. *See United States v. Gadsen*, 332 F.3d 224 (4th Cir.2003); *Brackett v. United States*, 270 F.3d 60, 68 (1st Cir.2001). This split existed at the time of this Court's ruling and the Eleventh Circuit opinion does not shed new light on the subject.

The government contends that the petitioner's § 2255 motion is untimely. The Supreme Court, in *Custis v. United States*, 511 U.S. 485, 497, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), stated in dicta that a defendant who successfully attacks a state court sentence may then apply for reopening of any federal sentence enhanced by that state sentence. In the order granting the petitioner's Motion to Reopen Sentencing, the Court relied on *United States v.*

---

1. Rule 60(b) of the Federal Rules of Civil Procedure provides for relief when any one of the following conditions are present:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

*Nichols,* 30 F.3d 35, 36 (5th Cir.1994), which adopted the dicta in *Custis* as law, for the proposition that a § 2255 motion is a proper vehicle for reopening a federal sentence upon a reversal of a prior state court conviction. The government asserts that the *Nichols* holding is limited to the proposition that a convict *may* reopen sentencing, but does not inform *when* that challenge is untimely under § 2255.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year period within which a party may petition for habeas corpus relief. *See* 28 U.S.C. § 2255 (2003). The AEDPA further provides that the commencing point of that time period is "the date on which the facts supporting the claim...presented could have been discovered through the exercise of due diligence." § 2255(4).

In the government's view, the "facts supporting the claim" were apparent to the petitioner in 1988 when he pled guilty in a state court proceeding. The government maintains that in 1988 the petitioner was aware of the facts that supported the state court's decision to vacate his state sentence. In support of this argument, the government invokes *Johnson v. United States,* 340 F.3d 1219 (11th Cir.2003).[2] The *Johnson* court concluded that because the court would have to "consult an authoritative legal source" to determine whether a state court conviction has been vacated "the vacatur of [the petitioner]'s prior state court conviction is not a 'fact' from which the one-year statute of limitations may run." *Id.* Under this quite formalistic ruling the government considers the surrounding events and facts that gave rise to the state court vacatur to be the "facts supporting the claim" and the actual vacatur as merely a "legal proposition," which would not restart the one-year limit. The Court does not find this reasoning to be persuasive.

■ A better and more realistic analysis of the issue is found in *United States v. Gadsen,* 332 F.3d 224, 227 (4th Cir.2003). Like this case, the government in *Gadsen* argued that § 2255(d) referred to "the underlying historical facts and real world events that supported [the petitioner]'s separate challenge to the state court conviction." *Id.; see also Brackett v. United States,* 270 F.3d 60, 68 (1st Cir.2001). The Fourth Circuit points out that the "critical 'fact' with respect to the operation of the sentencing guidelines...was the fact that [the petitioner]'s record included a prior state conviction." *Id.* Because this fact was essential in the sentence calculation, the Fourth Circuit held that the vacatur of the conviction was a "relevant 'fact' with respect to the operation of [the petitioner]'s § 2255 claim." *Id.* Finally, the *Gadsen* court declares that "by definition, [the petitioner] could not have 'discovered' this 'fact'—that this prior conviction had been conclusively vacated—until [the vacatur was final]." *Id.* This Court agrees.[3] Furthermore, the Fourth Circuit's analysis is

---

**2.** The government also relies on a Fifth Circuit case, *Ybanez v. Johnson,* 204 F.3d 645 (5th Cir.2000) (per curiam), that was available at the time of the hearing. The government's reliance on *Ybanez* is misplaced. In *Ybanez* the federal habeas corpus proceeding involved the *very same* conviction that was the subject matter of the state court habeas corpus proceeding. In this case, the federal habeas corpus relief sought is from the sentencing for a conviction where the existence of a *separate* state court conviction, which was

successfully attacked, was a factor in the calculation of the federal sentence.

**3.** This analysis is supported by the method of challenging enhanced federal sentences as delineated in *Daniels v. United States,* 532 U.S. 374, 382, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001) ("If any such challenge [i.e. direct or collateral review] to the underlying conviction is successful, the defendant may then apply for reopening of his federal sentence.")

consistent with the Supreme Court's opinion in *Custis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), and the Fifth Circuit's opinion in *United States v. Nichols*, 30 F.3d 35, 36 (5th Cir.1994).

Accordingly,

IT IS ORDERED: that the government's motion to Reconsider the Motion to Reopen Sentencing is DENIED.