United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 29, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 02-30956
Summary Calendar

—————————————

ELZIE HAWTHORNE,

Petitioner-Appellant,

versus

JAMES MILLER,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CV-291-F
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Elzie Hawthorne (Hawthorne), Louisiana prisoner # 95955,
appeals the district court's dismissal as untimely of his 28
U.S.C. § 2254 petition in which he challenged his conviction of
attempted second degree murder and burglary.  The district court
granted Hawthorne a certificate of appealability ("COA") as to
Hawthorne's ineffective assistance of counsel claim and as to
whether "reasonable jurists could differ on the issue of whether

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the petitioner could avail himself of the habeas tolling provision under Title 28, United States Code, § 2244(d)(1)(D)."

Hawthorne argues that the district court erred in determining that he did not meet the exceptions of 28 U.S.C. § 2244(d)(1)(B) or (D). Hawthorne argues that the statute of limitations began to run when he discovered that he was statutorily ineligible for diminution of his sentence.

Under 28 U.S.C. § 2244(d)(1)(D), the limitation period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Hawthorne does not show that, had he exercised due diligence, he could not have previously discovered that his counsel misinformed him as to his good time credit eligibility. See Ybanez v. Johnson, 204 F.3d 645, 646 (5th Cir. 2000).

Hawthorne does not seek from this court an expansion of the COA grant to encompass the 28 U.S.C. § 2244(d)(1)(B) issue. We therefore do not consider it. See 28 U.S.C. § 2253(c)(1)(A); United States v. Kimler, 150 F.3d 429, 431 (5th Cir. 1998); Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997).

For the foregoing reasons, the denial of habeas relief is AFFIRMED.