[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 22, 2003
THOMAS K. KAHN
CLERK

No. 01-14830

D.C. Docket No. 01-00014-CV-WDO-7

ROBERT JOHNSON, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(December 22, 2003)**

ON PETITION FOR REHEARING EN BANC

(Opinion August 5, 2003)

Before EDMONDSON, Chief Judge, TJOFLAT, ANDERSON, BIRCH, DUBINA, BLACK, CARNES, BARKETT, HULL, MARCUS and WILSON, Circuit Judges.

O R D E R:

The Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 35-5), the Petition for Rehearing En Banc is DENIED.

/s/ J. L. Edmondson
CHIEF JUDGE

BARKETT, Circuit Judge, dissenting from the denial of rehearing en banc:

I believe the issue in this case merits en banc consideration. The panel-majority holds that when a federal court bases an enhanced sentence on a state conviction, the subsequent state vacatur of that very same conviction is not a fact supporting a prisoner's habeas claim that his sentence should be reduced accordingly. I do not believe the panel-majority's statutory interpretation of 28 U.S.C. § 2255 ¶ 6(4) (2003) is supported by law or logic. On the contrary, I believe that Judge Roney's dissent and Judge Wilkinson's opinion for the Fourth Circuit[1] correctly explicate the relevant law.

It is axiomatic that courts must give words their ordinary meaning. United States v. Steele, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc) ("Where the language Congress chose to express its intent is clear and unambiguous, that is as far as we go to ascertain its intent because we must presume that Congress said what it meant and meant what it said."). The ordinary meaning of "fact" refers to "a thing done" that can be "known with certainty."[2] In this case, the vacatur of state conviction is a fact because it is something that actually occurred and can be

---

[1] United States v. Gadsen, 332 F.3d 224 (4th Cir. 2003).

[2] See Webster's Third New International Dictionary 813 (1993) (defining 'fact,' '1: a thing done'); The American Heritage Dictionary of the English Language 46 (1975) (defining 'fact,' '1. something known with certainty'); Black's Law Dictionary 738 (3d ed.1933) (defining 'fact,' '1-a thing done').

proven in support of Johnson's claim. However, the panel-majority concludes that a vacatur cannot be a fact because it comes from an authoritative legal source. Although distinctions are often made between the facts and the legal consequences of a case,[3] no metaphysical barrier prevents a legal consequence from sometimes operating as a fact. With regard to Johnson's federal habeas claim, the vacatur of his state court conviction is the operative fact that supports his claim, while a reduction in his sentence would be the possible "legal effect or consequence" of that fact.

The panel-majority suggests that the underlying state Gideon violations–and not the state vacaturs–are the facts that support Johnson's habeas claim. Simultaneously, the panel-majority asserts that the underlying constitutional claims would not have been sufficient to support a federal habeas claim, acknowledging that "[t]he entire point of Custis[ v. United States, 511 U.S. 485 (1994)] and Daniels[ v. United States, 532 U.S. 374, 382 (2001)] was that litigants should not bypass state courts to litigate the facts underlying their state convictions during challenges to a federal sentencing determination." Johnson v.

_____

[3]See Webster's Third New International Dictionary 813 (1993) (defining "fact" as: "6 usu pl a: any of the circumstances of a case at law as it exists or is alleged to exist in reality: something proved by the evidence to be or alleged to be of actual occurrence b: the reality or events or things the actual occurrence or existence of which is to be determined by evidence."); American Heritage College Dictionary (1982) (defining "fact" as "[t]he aspect of a case at law, comprising events determined by evidence as distinguished from interpretation of law: The jury made a finding of fact.").

4

United States, 340 F.3d 1219, 1225 (11th Cir. 2003). Thus, the panel-majority paradoxically asserts that federal courts are not the proper forum for litigating facts underlying a state conviction, but these very same facts can trigger the statute of limitations for federal habeas review.

The panel-majority also supports its interpretation by arguing that it promotes AEDPA's goal of finality. But that is not AEDPA's only goal. The Supreme Court has continually asserted that AEDPA is designed "to further the principles of comity, finality, and federalism." See, e.g., Woodford v. Garceau, 123 S.Ct. 1398, 1401 (2003); Duncan v. Walker, 533 U.S. 167, 178 (2001); Williams v. Taylor, 529 U.S. 420, 436 (2000). Often decisions will simultaneously promote all three of these principles. In many instances, the Supreme Court has extolled the virtues of finality because of its relation to comity.[4] However, in this case, the federal court poses no risk of disrupting the

_____

[4]See, e.g., Williams v. Taylor, 529 U.S. 420, 436 (2000) ("AEDPA's purpose to further the principles of comity, finality, and federalism . . . Federal habeas corpus principles must inform and shape the historic and still vital relation of mutual respect and common purpose existing between the States and the federal courts. In keeping this delicate balance we have been careful to limit the scope of federal intrusion into state criminal adjudications and to safeguard the States' interest in the integrity of their criminal and collateral proceedings."); Coleman v. Thompson, 501 U.S. 722, 726 (1991) ("This is a case about federalism. It concerns the respect that federal courts owe the States and the States' procedural rules when reviewing the claims of state prisoners in federal habeas corpus"); McCleskey v. Zant, 499 U.S. 467, 493 (1991) ("[T]he doctrines of procedural default and abuse of the writ are both designed to lessen the injury to a State that results through reexamination of a state conviction on a ground that the State did not have the opportunity to address at a prior, appropriate time; and both doctrines seek to vindicate the State's interest in the finality of its criminal judgments.").

finality of a state action. The state itself has decided to vacate the conviction. The Supreme Court has stated that in the habeas context a federal court should not "deprive [a] state-court judgment of its normal force and effect." <u>Daniels</u>, 532 U.S. at 378. This is exactly what the panel-majority does by stripping the state court of the ability to exculpate criminal defendants.

In summary, I believe that this particular litigant, who followed the instructions of the Supreme Court,[5] who followed the direct instructions of this Court,[6] who followed the proper instructions of the state and was able to have his state convictions timely vacated, and who probably relied on the plain language of § 2255 ¶ 6(4), is unfairly being denied his right to present his habeas petition.

---

[5]The Supreme Court has explicitly instructed prisoners to attack their convictions in state court. <u>Daniels</u>, 532 U.S. at 382 ("After an enhanced federal sentence has been imposed . . ., the person sentenced may pursue any channels of direct or collateral review still available to challenge his prior conviction."); <u>Custis</u>, 511 U.S. 485 (stating that a prisoner who was still in custody on his prior convictions could "attack his state sentences [in state court] or through federal habeas review").

[6]In this case, the result is even more cruel and unfair, since this Court has previously instructed this Appellant to do precisely what he has done. In a prior opinion affirming Johnson's sentence, we included the following caveat in a footnote: "We note in passing that, should Johnson obtain at some future date the vacation of the state court conviction[s] in question because they were obtained in violation of his constitutional rights, he could petition the district court under 28 U.S.C. § 2255 for the relief he now asks us to provide." <u>United States v. Johnson</u>, No. 94-9402, 73 F.3d 1108 (11th Cir. 1995).