**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                           No. 03-6345

ERIC EUGENE MOBLEY,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-94-92; CA-99-282-3-1-V)

Submitted: April 9, 2004

Decided: April 30, 2004

Before MOTZ and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Eric Eugene Mobley, Appellant Pro Se. Gretchen C. F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Eric Eugene Mobley appeals the district court's order denying relief on his motion filed under 28 U.S.C. § 2255 (2000), in which he sought resentencing after he obtained a state court order setting aside a conviction that was used to determine his federal sentence. We previously granted Mobley a certificate of appealability on this issue. In the same order, we denied a certificate of appealability and dismissed Mobley's appeal with respect to all other issues. For the reasons that follow, we vacate the district court's order as to the issue on which we granted a certificate of appealability and remand for resentencing. We also grant Mobley's motion to take judicial notice of our decision in *United States v. Gadsen*, 332 F.3d 224 (4th Cir. 2003).

I.

Mobley pled guilty to conspiracy to possess with intent to distribute crack cocaine. In establishing a criminal history category of II, the district court assessed two criminal history points for a September 1990 North Carolina conviction for carrying a concealed weapon. The district court sentenced Mobley to a 169-month prison term, the middle of the applicable sentencing guideline range.

In the post-conviction proceedings in the district court, Mobley replied to the Government's response to his § 2255 motion on August 21, 2000, and stated that the state court had overturned his 1990 conviction for carrying a concealed weapon. The state court "set aside and removed [the conviction] from [Mobley's] criminal record" on February 11, 2000, concluding that "the record does not disclose that [Mobley] voluntarily and understandingly entered this plea." Because two criminal history points were assessed for the 1990 conviction, Mobley argued that, under the Supreme Court's decisions in *Custis v. United States*, 511 U.S. 485 (1994), and *Daniels v. United States*, 532 U.S. 374 (2001), he should be resentenced without those points. He asserted that, with one criminal history point remaining, his criminal history category should be I. With an offense level of thirty-three, the applicable guideline range should be 135 to 168 months. The district court denied Mobley's claim.

## II.

Mobley contends on appeal that calculating his criminal history category of II using the expunged state court conviction resulted in a harsher sentence than that to which he would have been subject with a criminal history category of I. The Government has responded,[1] and Mobley replied. *See* 4th Cir. R. 22(a)(1)(B).

In denying Mobley's claim as untimely, the district court did not have the benefit of our decision in *Gadsen*, 332 F.3d at 229 (holding that "the federal statute of limitations begins running when the state court conviction is conclusively invalidated"). Under *Gadsen*, Mobley timely filed his claim.

Turning to the merits of Mobley's claim, we conclude that the Supreme Court's decisions in *Custis* and *Daniels* allow a prisoner, like Mobley, to seek reopening of his federal sentence when a state court conviction, for which criminal history points were assessed, has been overturned. *Gadsen*, 332 F.3d 228; *United States v. Doe*, 239 F.3d 473, 474-75 (2d Cir. 2001). Moreover, we find that, in declining to reopen Mobley's federal sentence, the district court erred by according no weight to the state court's opinion overturning the conviction for carrying a concealed weapon. *See United States v. Cox*, 245 F.3d 126, 130 (2d Cir. 2001); *Mateo v. United States*, 276 F. Supp. 2d 186, 193 (D. Mass. 2003); *cf. Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998). Giving the state court's order setting aside the conviction the appropriate legal effect, Mobley is entitled to have his federal sentence reopened.

Having concluded that Mobley's federal sentence should be reopened, we turn to the question of whether the state court conviction for carrying a concealed weapon was expunged for purposes of the sentencing guidelines. *See U.S. Sentencing Guidelines Manual* § 4A1.2(j) & comment. (n.10) (1994).[2] "Convictions reversed or

---

[1]To the extent that the Government suggests for the first time on appeal that Mobley's claim is procedurally defaulted, we find that the Government is precluded from asserting such defense. *See United States v. Metzger*, 3 F.3d 756, 757-58 (4th Cir. 1993).

[2]The current version of this provision is identical to the provision in effect in 1994 when Mobley was sentenced.

vacated for reasons related to constitutional invalidity, innocence, or errors of law are expunged for purposes of the Guidelines and therefore cannot be included in criminal history calculations." *United States v. Cox*, 83 F.3d 336, 339 (10th Cir. 1996); *see United States v. Dobovsky*, 279 F.3d 5, 8 (1st Cir. 2002); *United States v. Hines*, 133 F.3d 1360, 1363 (10th Cir. 1998); *United States v. McDonald*, 991 F.2d 866, 871 (D.C. Cir. 1993). Because the state court set aside the conviction based upon the constitutional invalidity of Mobley's guilty plea, we find that the sentence was expunged and should not be included in the calculation of Mobley's criminal history.

Accordingly, we vacate the district court's order on the issue for which we granted a certificate of appealability and remand for resentencing without the assessment of two criminal history points for the expunged conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*