**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-6440**
_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

PAUL DEWAYNE DORSEY, a/k/a Little Dorsey,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Peter J. Messitte, Senior District
Judge.   (8:09-cr-00468-PJM-13; 8:12-cv-02998-PJM)

_____

Submitted:  May 18, 2015                Decided:  May 22, 2015

_____

Before GREGORY and DUNCAN, Circuit Judges, and DAVIS, Senior
Circuit Judge.

_____

Affirmed  in  part,  and  vacated  and  remanded  in  part  by
unpublished per curiam opinion.

_____

Paul Dewayne Dorsey, Appellant Pro Se.   Joseph Ronald Baldwin,
OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Paul Dewayne Dorsey appeals the district court's order denying relief on his motion construed as one under both 18 U.S.C. § 3582(c) (2012), and 28 U.S.C. § 2255 (2012). We granted a certificate of appealability on the issue of whether Dorsey is entitled to re-sentencing due to the vacatur of one of his state court convictions used to enhance his federal sentence. Having reviewed the parties' briefs and the record on appeal, we vacate in part and remand as to this issue but affirm the denial of relief under § 3582(c).

Dorsey pled guilty in June 2010 to conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine, 21 U.S.C. § 846 (2012), and being a felon in possession of a firearm, 18 U.S.C. § 922(g) (2012). The parties stipulated in the plea agreement that Dorsey's base offense level was 30. However, Dorsey's base offense level was reduced to 26 based on changes to the Sentencing Guidelines applicable to crack cocaine offenses that went into effect prior to Dorsey's sentencing. His total offense level was 25.

Dorsey's criminal history score was determined to be VI, based on 13 criminal history points. The resulting Guidelines range was 110 to 137 months of imprisonment. The court imposed a 137-month sentence. We dismissed Dorsey's appeal based on the

waiver in his plea agreement.  See United States v. Dorsey, No. 11-4962 (4th Cir. July 5, 2012) (unpublished order).

In September 2012, the District Court for Calvert County invalidated one of Dorsey's challenged prior convictions. Dorsey then filed the underlying motion seeking re-sentencing as a Criminal History Category V offender.[1]  Dorsey also claimed that the district court failed to sentence him in accordance with the Fair Sentencing Act.  Construing Dorsey's first claim under § 2255 and his Fair Sentencing Act claim under § 3582, the district court denied relief.  The court found that, contrary to his assertions, Dorsey was in fact sentenced under the Fair Sentencing Act.  The court also found that, even though the invalidated state conviction would result in a Criminal History Category of V, not VI, Dorsey was nevertheless not entitled to relief.  Moreover, the court concluded that it would have imposed the same sentence whether Dorsey was a Category V or VI offender.[2]  Dorsey appealed.

---

[1]  Dorsey's § 2255 motion was timely filed.  See United States v. Jones, 758 F.3d 579 (2014).

[2] The maximum sentence for a base offense level of 25 and a Criminal History Category V would have been 125 months' imprisonment.  Therefore, in order to sentence Dorsey to 137 months as a Category V offender, the district court would have had to depart upward from the applicable Guidelines range.

The Supreme Court has held that, if a defendant "is successful in attacking [his] state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences." Custis v. United States, 511 U.S. 485, 497 (1994). Later, in Daniels v. United States, 532 U.S. 374, 382 (2001), the Supreme Court noted that if a challenge to an underlying conviction is successful in state court, "the defendant may then apply for reopening of his federal sentence," but added that if the prior conviction is no longer open to direct or collateral attack in its own right, then the federal prisoner can do nothing more about his sentence enhancement. And, in Johnson v. United States, 544 U.S. 295 (2005), the Court added that the one-year limitation period begins to run when the petitioner receives notice of the order vacating the prior conviction, "provided that he has sought it with due diligence in state court after entry of judgment in the federal case in which the sentence was enhanced." Id. at 296.

Applying these cases, we have concluded that sentence enhancements based on previous convictions should be reconsidered if those previous convictions are later vacated. See United States v. Gadsen, 332 F.3d 224, 228 (4th Cir. 2003) (noting that a defendant may apply for a reopening of his federal sentence once he has successfully challenged the

4

underlying conviction).[3] Specifically, if a defendant "succeeds in a future collateral proceeding in overturning his [state] conviction, federal law enables him then to seek review of any federal sentence that was enhanced due to his state conviction." United States v. Bacon, 94 F.3d 158, 161 n.3 (4th Cir. 1996); see also United States v. Pettiford, 612 F.3d 270 (4th Cir. 2010) (noting that "vacatur alone does not entitle a petitioner to habeas relief"; the district court must determine whether petitioner's sentence is rendered unlawful on one of the grounds specified in § 2255 before setting aside a sentence); United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014) (holding that § 2255 motion seeking resentencing based on vacatur of state conviction was not successive because the facts relied on "did not exist when the numerically first motion was filed and adjudicated"). On the basis of these authorities, we find that Dorsey is entitled to relief and remand for re-sentencing.

The Government argues that Dorsey's challenge to the calculation of his sentence is not cognizable in a § 2255 proceeding, citing United States v. Pregent, 190 F.3d 279 (4th 1999). In Pregent, this court held that "[b]arring

---

[3] Gadsen noted that Custis, Daniels, and Johnson apply "whether the sentence enhancement was imposed because of the ACCA or because of the Sentencing Guidelines." Gadsen, 332 F.3d at 228 n. 3 (internal quotations and citation omitted).

extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." Here, unlike in Pregent, the Guidelines calculation was not erroneous at the time Dorsey was sentenced. Rather, Dorsey's Guidelines calculation was not affected until his state conviction was later vacated. Cf. United States v. Foote, ___ F.3d ___, 2015 WL 1883538 (4th Cir. Apr. 27, 2015) at *1, *10 ("Neither Appellant's federal offense of conviction nor his state convictions qualifying him as a career offender have been vacated" . . . . "[I]t is clear that 'miscarriages of justice' in the post-conviction context are grounded in the notion of actual innocence, and Appellant has not been proven 'actually innocent' of any of his prior convictions."), petition for cert. filed, ___ U.S.L.W ___ (U.S. May 18, 2015) (No. 14-9792).

Accordingly, we vacate Dorsey's sentence and remand for re-sentencing using a Criminal History Category V. With respect to Dorsey's claim regarding application of the Fair Sentencing Act, the district court was correct—he was, in fact, sentenced under the FSA. Therefore, we affirm as to this claim.[4]

---

[4] In his informal brief, Dorsey also raises, for the first time, several ineffective assistance claims. Because he failed to present these claims in the district court, we need not consider them at this time. See Muth v. United States, 1 F.3d (Continued)

6

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

---

246, 250 (4th Cir. 1993) (stating that arguments raised for first time on appeal generally will not be considered).